JOHN B. BEAUBIEN, plaintiff in error, *v.* WILLIAM H. SABINE, defendant in error.

*Error to the Municipal Court of the City of Chicago.*

A summons issued under the private seal of the clerk of the Municipal Court of the city of Chicago, no official seal being provided, is in conformity with the statutes, and cannot be objected to on account of the want of a public seal. *Semble,* That a return to a summons, in these words, "Served by reading to the within. Oct. 23, 1837. John Shrigley, High Constable, pr. L. Nichols, Deputy High Constable," is sufficient.

THIS was an action of *assumpsit* brought by William H. Sabine against John B. Beaubien, as acceptor of two bills of exchange drawn by Benjamin Mills, and by him endorsed to said Sabine. The bills are dated at Chicago, and payable at no particular place.

The declaration sets forth, that " William H. Sabine, plaintiff in this suit, by Butterfield and Collins, his attorneys, complains of John B. Beaubien, defendant in this suit, in custody," &c., but contains no averment that the plaintiff and defendant, or the defendant, resided, at the time of commencing said suit, either in the city of Chicago or county of Cook, or that the cause of action arose in said city.

FR. PEYTON, for the plaintiff in error :

The errors assigned show that the original process of summons issued in this case, was under the private seal of the clerk. The

act chartering the city of Chicago, and establishing the Municipal Court, directs that the process shall be sealed with the public seal, to be provided by the Common Council of said city, and confers no authority on the clerk to use his private seal until one shall be provided. It will be seen, by reference to the law creating the Circuit Courts, that they are permitted to use their private seals, until they may be furnished with a public seal ; but this right or privilege is not made to extend to other public officers or clerks. The plaintiff therefore contends that said process was a nullity, and conferred no right on said Court to render a judgment in this case. " A summons issued from the Circuit Court, without the seal annexed, is a nullity ; and the Court, on motion, should quash the same." Hannum *v.* Thompson, 1 Scam. 283.

A plaintiff, taking judgment by default, does so at his peril ; and is bound to know that all the proceedings are regular. This is a principle recognised by this Court, and often adverted to in its decisions ; and so well known that it is not deemed necessary to cite authorities in its support.

The errors assigned also question the sufficiency of the high constable's return, because the same is vague and uncertain. In support of this position the plaintiff relies on the following cases decided by this Court, to wit : " The return of the sheriff upon the writ should state the time when the same was made. Parol testimony will not be admitted to prove that service was made within the time required by the statute." Wilson *v.* Greathouse, 1 Scam. 174 ; Clemson *et al. v.* Hamm, 1 Scam. 176.

" The return of the sheriff should state the mode of the service with certainty, whether by reading to the defendant, or by the delivery of a copy. The return in this case, ' Executed October 10th, 1832, as commanded within,' is too uncertain, and judgment by default rendered thereon will be reversed." Ogle *v.* Coffey, 1 Scam. 239.

J. BUTTERFIELD, for the defendant in error.

The return on the summons is sufficient :

It shall be the duty of the sheriff to serve the process, when it shall be practicable, ten days before the return day thereof, and make a return to the clerk who issued it, by or on the return day, " with an endorsement of his service, the time of serving it, and the amount of his fees. R. L. 487 ; Gale's Stat. 529.

Under the English and New York practice, the sheriff generally makes his return in Latin, " *Cepi corpus ;*" " *Cepi corpus in custodia ;*" " *Non est ;*" " *Nihil,*" &c.

In the case of Wilson *v.* Greathouse, Forman 152 ; 1 Scam. 174 ; the suit was commenced before a justice. That case does not apply to this. The return by the constable was, "Executed

Beaubien *v.* Sabine.

on the within defendant, by his reading the within. Joseph Flinn, Constable."

§ 3 of the act concerning justices, declares, that the summons shall be served at least three days before the return day, by reading the same to the defendant. R. L. 387 ; Gale's Stat. 403. In this case, the Court say it would have been impossible, from the face of the return, to determine whether the process was served in time ; because no date is given by the return of the officer.

In Clemson *et al. v.* Hamm, Forman 154 ; Gale's Stat. 176, the return was, " Executed on Hunter ; Clemson not found. N. Buckmaster, Sheriff." The Court decided that the judgment should be reversed, because the return did not state when the summons was served. If it was not served ten days before the term, the defendant would not be compelled to plead before the next succeeding term.

In Ogle *v.* Coffey, Forman 184 ; 1 Scam. 239 ; the return was, " Executed October 18th, 1832, as commanded within." Judge Smith says, " Whether the date specified is intended for the date of the day of the service, or is the day on which the summons is returned, is wholly uncertain." This remark must be a mistake of the Reporter : " The manner of the service is still more uncertain ; whether the service was by reading or delivering a copy, is left to conjecture." I should suppose that either was sufficient. The statute is silent as to the manner of service. It ought to be personal ; reading to the defendant, or delivering a copy to him, is personal service.

In Garrett *v.* Phelps, Forman 217 ; 1 Scam. 331 ; there was no return of service, on the process. Lockwood, Justice, says, to make a judgment by default regular, it should appear by the return on the process, that it had been served, and on what day service was made.

The summons in this case was tested as follows :

" Witness· the Hon. Thomas Ford, Judge of said Municipal Court, (no seal being provided,) at the city of Chicago, this 21st day of October, A. D. 1837.

[CLERK'S PRIVATE SEAL.]   J. MANNING, Clerk."

On the back of said summons was the following endorsement :

" Served by reading to the within. October the 23d, 1837.
   " JOHN SHRIGLEY, High Constable, *per*
    L. Nichols, Dep'y High Constable."

Judgment was rendered by default, against Beaubien, for $7,980,07, at the September term, 1838. The defendant prosecuted a writ of error to this Court.

Cushing v. Dill.

Wilson, Chief Justice, delivered the opinion of the Court : (1)
This suit was brought in the Municipal Court of the city of
Chicago.

The summons was issued under the private seal of the clerk,
and signed by him as such.

The sufficiency of the process is objected to, because it is not
under the public seal.   The law provides that the Municipal Court
shall be a court of record, and shall have a seal, to be furnished
by the Common Council.   The process of said Court shall be
tested by the judge, and shall be issued in the same manner as in
the Circuit Courts.   And the law having provided that until a
public seal was provided for the Circuit Court, the clerk should
use his private seal, it would seem clear that the same practice
should prevail in the Municipal Court.   And the words, manner
of issuing the process, must be understood to refer to the mode
of sealing and signing, &c.   The same reason that requires the use
of a private seal to the process of the Circuit Court, applies,
also, under similar circumstances, to the Municipal Court.   And
the fact that there is no public seal, is proved by the certificate of
the clerk.

The objection to the declaration, that it contains no averment
that the cause of action arose in Chicago, or that the plaintiff and
defendant, or the defendant, resided there at the commencement
of the suit, has been decided by this Court in the case of Beau-
bien v. Brinckerhoff, (2) to be an invalid objection.

*Judgment affirmed.*

*Note.* See Mitcheltree v. Stewart *et al., Ante* 17 – 20, and note ; Townsend v.
Griggs *et al., Ante* 365.

---

3   460
23a 449
23a 450
3   460
84a 503
3   460
d95a  143
2s   460
103a  1564

Thomas H. Cushing, appellant, v. Abner Dill,
appellee.

(1) Smith, Justice, was not present on the argument of this cause, and gave no
opinion.
(2) *Ante* 269.